UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------

JUAN S. POLO,

Plaintiff,

-against-

THE UNITED STATES OF AMERICA, UNITED
STATES CUSTOMS OFFICER "JOHN" ELIAS,
SHIELD NO. 3006, THE PORT AUTHORITY OF
NEW YORK AND NEW JERSEY, PORT
AUTHORITY POLICE OFFICER NICK
CIANCARELLI, TAX REG. NO. 044392, THE CITY
OF NEW YORK, THE NEW YORK CITY POLICE
DEPARTMENT, RAYMOND KELLY, POLICE
COMMISSIONER OF THE NEW YORK CITY
POLICE DEPARTMENT, AND OTHER POLICE
OFFICERS AND LAW ENFORCEMENT AGENTS
YET TO BE NAMED,

Defendants.

-------------------------------------------------------------------------

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**CASE NO.: CV 12-3742**

**Preliminary Statement**

1. This is a civil rights action brought to vindicate Plaintiff's rights under the Fourth and
   Fourteenth Amendments of the Constitution of the United States, and under the Civil Rights
   Act, 42 U.S.C. §1983 and the laws of the State of New York. Plaintiffs' rights were violated
   when New York City Police officers, Port Authority officers and agents, servants and/or
   employees of the UNITED STATES OF AMERICA unlawfully seized and detained Plaintiff.
   Defendants then falsely arrested Plaintiff and falsely charged him with crimes. By reason of
   Defendants' actions, including their failure to follow proper procedures, their unreasonable
   conduct, incompetence and their intentional tortious acts in detaining, imprisoning and
   maliciously prosecuting Plaintiff, Plaintiff was deprived of his constitutional and common
   law rights.

2. Plaintiff seeks an award of compensatory and punitive damages and attorney's fees.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §1331, 1343. This action is brought pursuant to 42 U.S.C. §1983 and §1988 and the Fourth and Fourteenth Amendments of the Constitution of the United States.

4. Venue is proper pursuant to 28 U.S.C. §1391 (b) in that Plaintiff's claim arose in the Eastern District of New York.

5. An award of costs and attorney's fees is authorized pursuant to 42 U.S.C. §1988.

6. The Plaintiffs further invoke this Court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and causes of actions which derive from the same nucleus of operative facts and are part of the same case or controversy that give rise to the federally based claims and causes of action.

## PARTIES

7. The Plaintiff resides and at all times hereinafter mentioned, resided at 82 Wadsworth Terrace, Apartment 4D, in New York County, State of New York.

8. Defendant, THE CITY OF NEW YORK, is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

9. RAYMOND KELLY ("KELLY") has been the Police Commissioner of the New York City

Police Department since January 2002, and was acting in such capacity at all times relevant herein. He is sued in his official capacity.

10. Police Officers yet to be named of THE NEW YORK CITY POLICE DEPARTMENT (names and shield numbers of whom are presently unknown) are and were at all times relevant herein, officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT. These individual Defendants are being sued herein in their in their individual and official capacities.

11. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of THE NEW YORK CITY POLICE DEPARTMENT at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE NEW YORK CITY POLICE DEPARTMENT and incidental to the lawful pursuit of their duties as officers, employees and agents of THE NEW YORK CITY POLICE DEPARTMENT.

12. THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY is a municipal entity authorized under the laws of the States of New York and New Jersey. It is authorized by law to maintain a police department which acts as its agent in the area of law enforcement and for which it is ultimately responsible.

13. PORT AUTHORITY POLICE OFFICER NICK CIANCARELLI, TAX REG. NO. 044392

3

and other Port Authority Police Officers yet to be named of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY (names and shield numbers of whom are presently unknown) are and were at all times relevant herein, officers, employees and agents of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY. These individual Defendants are being sued herein in their in their individual and official capacities.

14. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The Port Authority of New York and New Jersey, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY and incidental to the lawful pursuit of their duties as officers, employees and agents of THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY.

15. THE BUREAU OF CUSTOMS AND BORDER PROTECTION is a Division of the DEPARTMENT OF HOMELAND SECURITY and is a Federal Agency authorized under Federal Law to maintain law enforcement officers to secure the borders of the United States, all of which operate under and pursuant to the authority and direction of Defendant THE UNITED STATES OF AMERICA.

16. CUSTOMS OFFICER "JOHN" ELIAS, SHIELD NO. 3006 and other Officers yet to be named of THE UNITED STATES BUREAU OF CUSTOMS AND BORDER

PROTECTION, a division of THE DEPARTMENT OF HOMELAND SECURITY, (names and shield numbers of whom are presently unknown) are and were at all times relevant herein, officers, employees and agents of THE UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION, a division of THE DEPARTMENT OF HOMELAND SECURITY. These individual Defendants are being sued herein in their in their individual and official capacities.

17. At all times relevant herein, the individual Defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of The United States Bureau of Custom and Border Protection, a division of the Department of Homeland Security, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties.   They were acting for and on behalf of THE UNITED STATES OF AMERICA as an agent, servant and/or employee of the BUREAU OF CUSTOMS AND BORDER PROTECTION, a division of THE DEPARTMENT OF HOMELAND SECURITY, at all times relevant herein, with the power and authority vested in them as officers, agents and employees of THE UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION, a division of THE DEPARTMENT OF HOMELAND SECURITY and incidental to the lawful pursuit of their duties as officers, employees and agents of THE UNITED STATES BUREAU OF CUSTOMS AND BORDER PROTECTION, a division of THE DEPARTMENT OF HOMELAND SECURITY

## NOTICE OF CLAIM

18. Plaintiff timely filed a Notice of Claim with THE UNITED STATES OF AMERICA for the actions of agents, servants and/or employees of the BUREAU OF CUSTOMS AND BORDER PROTECTION, a division of THE DEPARTMENT OF HOMELAND SECURITY, on January 19, 2012 pursuant to the Federal Tort Claims Act.

19. In a letter dated July, 12, 2012, THE UNITED STATES OF AMERICA on behalf of the BUREAU OF CUSTOMS AND BORDER PROTECTION denied Plaintiff's claim in its entirety.

20. Six (6) months have not passed since Plaintiff's claim was filed and therefore, Plaintiff timely files suit at the present moment.

21. The events upon which this action is based began on January 6, 2011. This action has been timely commenced within three years of the occurrences giving rise to this Complaint.

22. Plaintiff timely filed a Notice of Claim with the Comptroller of the City of New York on January 19, 2012.

23. THE CITY OF NEW YORK assigned claim numbers to Plaintiff's claim, *to wit*, claim number 2012PI001673, and exercised its right to conduct an individual examination of each of the Plaintiffs on March 26, 2012. Thirty (30) days have elapsed since that examination and the Defendants THE CITY OF NEW YORK, THE NEW YORK CITY POLICE

DEPARTMENT and RAYMOND KELLY POLICE COMMISSIONER OF THE NEW YORK CITY POLICE DEPARTMENT have not settled or resolved this action.

24. The events upon which this action is based began on January 6, 2012. This action has been timely commenced within one year and ninety days of the occurrences giving rise to this Complaint.

25. Plaintiff timely filed a Notice of Claim with THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY on January 18, 2012.

26. Thirty (30) days have elapsed since the filing of the notice of claim and THE PORT AUTHORITY OF NEW YORK AND NEW JERSEY has not taken any action nor has it resolved or settled the claim.

## STATEMENT OF FACTS

27. On January 6, 2012, just prior to 8:00 p.m., Plaintiff was returning from a vacation to the Dominican Republic.

28. Plaintiff arrived on a Jet Blue aircraft to John F. Kennedy International Airport in Queens County.

29. Upon exiting the aircraft, Plaintiff was stopped by at least five (5) Defendant law enforcement officers.

30. The Defendant officers stopped Plaintiff and asked to see his passport.

31. Plaintiff produced his passport at that time.

32. Defendants then released Plaintiff.

33. One of said Defendant Officers was "John" Elias.

34. Plaintiff then got his passport stamped at customs and retrieved his suitcase from the baggage claim.

35. As Plaintiff turned to exit, the Defendant officers stopped Plaintiff.

36. Defendants then searched Plaintiff's suitcase.

37. Defendant also searched Plaintiff's carry-on bag.

38. During this search, Defendant officers removed Plaintiff's clothing from his suitcase.

39. During this search, Defendant officers and repeatedly stuck knives into the contents of Plaintiff's bags.

40. As a result of the search of Plaintiff's bags, Defendants found eight plastic bottles of medicated foot and body powder.

41. The bottles of powder were sealed.

42. Plaintiff informed the officers that the powder was for his feet.

43. Defendants then took Plaintiff to a side room.

44. Defendant's searched Plaintiff's persons.

45. Defendants did not find any controlled substance on Plaintiff's persons.

46. Defendant's then emptied Plaintiff's suitcase onto the floor and searched the contents.

47. Defendants tested the powder.

48. The tests results indicated that the powder tested negative for the presence of an illegal substance.

49. Defendant officers tasted some of the powder.

50. Defendants stated that when tasting the powder, it did not make their tongues numb.

51. Defendants were uniformed.

52. Officer Elias stated that the powder tested negative for drugs.

53. The supervising officer instructed Officer Elias to arrest Plaintiff.

54. Defendants then arrested Plaintiff.

55. Defendants walked Plaintiff through the airport while he was handcuffed.

56. People standing in the airport observed Plaintiff being escorted by Defendants.

57. Defendants placed Plaintiff into a holding cell.

58. Plaintiff was placed in the holding cell at approximately 8:00 p.m.

59. At 2:00 a.m., Plaintiff was transported to Queens County Central Booking.

60. Plaintiff was arraigned before a judge and charged with Criminal Possession of a Controlled

Substance in the first degree, in violation of NY PL § 220.21-1.

61. Plaintiff was held in custody in the Vernon C. Bain Correctional Center for an additional six (6) days.

62. On January 11, 2012, the Queens County District Attorney's Office dismissed the case.

63. Plaintiff was released on the morning of January 12, 2012.

64. At the proceeding, the Assistant Queens County District Attorney explained the dismissal by stating that no controlled substances were recovered from Plaintiff's persons or possessions.

65. The actions and conduct herein further arose from a policy, practice and/or custom, in which Defendants failed and refused to properly train and supervise law enforcement officers with regard to the detection of illegal substances.

66. As a consequence of these policies, practices and/or customs of indifference and omission, (1) Plaintiff was wrongfully searched, arrested and detained for a period of eight days; and (2) a baseless and malicious prosecution was instituted, charging Plaintiff with Criminal Possession of a Controlled Substance in the first degree, in violation of NY PL § 220.21-1.

67. At all times herein, the individual defendants were acting within the apparent scope of their employment with the knowledge and consent of their superiors.

68. The search, detention and arrest of Plaintiff were far in excess of each of Defendants' rightful authority.

69. The arrest of Plaintiff was made without proper cause.

70. The improper search, false arrest, false imprisonment and civil rights violations upon Plaintiff by Defendants caused Plaintiff to sustain pain and suffering and psychological and emotional trauma.

71. Prior to his arrest, Plaintiff was supposed to start a new job upon arriving in New York in January of 2012.

72. As a result of the criminal prosecution, Plaintiff's employer withdrew his job offer.

73. Plaintiff's employer would not let Plaintiff work for the company because of the controlled substance accusations made by Defendants against Plaintiff.

74. Defendants' actions rendered Plaintiff unemployed.


### AND AS FOR A FIRST CAUSE OF ACTION

75. Plaintiff repeats all allegations contained in paragraphs "1" through "74" inclusive with the same force and effect as though more fully set forth herein again at length.

76. The Defendants' actions as alleged herein were committed under color of law.

77. The actions, conduct and policies, practices and/or customs of Defendants as alleged herein violated Plaintiffs' rights to be free of an unreasonable search and seizure under the Fourth and Fourteenth Amendments to the United States Constitution and to be free of a deprivation of liberty under the Fourteenth Amendment to the United States Constitution and the Civil Rights Act of 1871, Title 42 U.S.C. §1983.

11

78. As a result of the acts alleged herein, plaintiffs have been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## AND AS FOR A SECOND CAUSE OF ACTION

79. Plaintiff repeats all allegations contained in paragraphs "1" through "78" inclusive with the same force and effect as though more fully set forth herein again at length.

80. In the course of the forcible entry into and search of Plaintiff's possessions by Defendants, Plaintiff was subjected to physical contact, detention, arrest and threat of immediate physical harm.

81. Defendants' acts in the touching and restraint of Plaintiff were willful and malicious with the intent of detaining Plaintiff.

82. As a result of Defendant's actions, Plaintiff's wrists suffered bruising caused by the numerous times Plaintiff was unlawfully handcuffed.

83. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

84. As a result of Defendants' actions, Plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## AND AS FOR A THIRD CAUSE OF ACTION

85. Plaintiff repeats all allegations contained in paragraphs "1" through "84" inclusive with the

same force and effect as though more fully set forth herein again at length.

86. During the course of Defendants' search of Plaintiff's person and bags, Defendants intentionally and maliciously forcibly restrained and detained Plaintiff and prevented him from moving of his own free will.

87. Defendants detained Plaintiff in a room in Customs at John F. Kennedy International Airport from 8:00 p.m. until 12:00 a.m., for a total of approximately four (4) hours.

88. Defendants detained Plaintiff in a holding cell at John F. Kennedy International Airport for forty-five (45) minutes.

89. As a result of Defendants' actions, Plaintiff was then held in Central Booking in Queens County prior to being arraigned.

90. As a result of Defendants' actions, Plaintiff was incarcerated at the Vernon C. Bain Correctional Center for an additional six (6) days.

91. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

92. As a result of Defendants' actions, Plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

### AND AS FOR A FOURTH CAUSE OF ACTION

93. Plaintiff repeats all allegations contained in paragraphs "1" through "92" inclusive with the same force and effect as though more fully set forth herein again at length.

13

94. Defendants intentionally and maliciously arrested Plaintiff.

95. As a result of this arrest, Plaintiff was detained at Customs for four (4) hours.

96. As a result of this arrest, Plaintiff was detained in a holding cell at John F. Kennedy International Airport for forty-five (45) minutes.

97. As a result of this arrest, Plaintiff was then detained in Central Booking in Queens County, pending his arraignment.

98. As a result of this arrest, Plaintiff was incarcerated at the Vernon C. Bain Correctional Center for an additional six (6) days.

99. Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

100. As a result of Defendants' actions, Plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

### AND AS FOR A FIFTH CAUSE OF ACTION

101. Plaintiffs repeat all allegations contained in paragraphs "1" through "100" inclusive with the same force and effect as though more fully set forth herein again at length.

102. The Defendants commenced a Criminal Prosecution against Plaintiff in Queens County Supreme Court, which caused Plaintiff to be charged with Criminal Possession of a Controlled Substance in the first degree, in violation of NY PL § 220.21-1.

103. PORT AUTHORITY NICK CIANCARELLI, TAX REG. NO. 044392, offered a sworn

statement to the Criminal Court alleging that Plaintiff committed the offense of Criminal Possession of a Controlled Substance in the first degree, in violation of NY PL § 220.21-1.

104.   NICK CIANCARELLI, TAX REG. NO. 044392 offered a sworn statement to the Criminal Court indicating that CUSTOMS OFFICER "JOHN" ELIAS, SHIELD NO. 3006 informed him that Plaintiff committed the offense of Criminal Possession of a Controlled Substance in the first degree, in violation of NY PL § 220.21-1.

105.   At the time that the arraignment, Defendants did not actually believe and/or had no reason to believe that there was any criminal activity or evidence of a crime.

106.   Defendants knew that the powder was not a controlled substance.

107.   Even if Defendants did believe that there was criminal activity or evidence of a crime, said belief was not reasonable.

108.   Any belief of criminal activity was based on falsified statements or falsified test results.

109.   The Defendants acted maliciously in prosecuting Plaintiff while he remained detained in the Vernon C. Bain Correctional Center.

110.   Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

111.   As a result of Defendants' actions, Plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## AND AS FOR A SIXTH CAUSE OF ACTION

112.   Plaintiff repeats all allegations contained in paragraphs "1" through "111" inclusive with the same force and effect as though more fully set forth herein again at length.

113.   Defendants' baseless arrest and malicious prosecution of Plaintiff caused Plaintiff's employer to withdraw his job offer.

114.   As a result of Defendants' actions, Plaintiff was unemployed.

115.   As a result of Defendants' actions, Plaintiff had no income.

116.   As a result of Defendant's actions, Plaintiff lost earnings.

117.   Pursuant to 28 U.S.C. §1367, this Court has pendent or supplemental jurisdiction to hear and adjudicate such claims.

118.   As a result of Defendants' actions, Plaintiff has been damaged in a sum of not less than Five Hundred Thousand ($500,000.00) Dollars.

## JURY DEMAND

119.   Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## **<u>PRAYER FOR RELIEF</u>**

**WHEREFORE,** Plaintiffs pray for relief as follows:

1. This Court issue a declaration that Defendants have violated Plaintiff's rights under the Fourth and Fourteenth Amendments of the Constitution of the United States and the Civil Rights act of 1871, Title U.S.C. §1983; and

2. That the jury find and the Court adjudge and decree that Plaintiff shall recover compensatory damages in the sum of not less than Five Hundred Thousand ($500,000.00) Dollars against all Defendants jointly and severally on each cause of action.

3. Order the defendants to pay costs and attorney's fees pursuant to 42 U.S.C. §1983 et seq; and

4. Require the Defendants to pay Plaintiffs punitive damages; and

5. Order any other relief the Court deems appropriate.

Dated:   November 13, 2012

*ELLIOT H. FULD*
_____
ELLIOT H. FULD (EHF 8389)
Attorney for the Plaintiff
930 Grand Concourse-Suite 1G
Bronx, New York 10451
(718) 410-4111