UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------X
JUAN S. POLO,

        Plaintiff,

  v.

THE CITY OF NEW YORK,
RAYMOND KELLY, POLICE
COMMISSIONER OF THE NEW YORK
CITY POLICE DEPARTMENT, AND
OTHER POLICE OFFICERS AND LAW
ENFORCEMENT OFFICERS TO BE
NAMED, et al.,

        Defendants.
--------------------------------------------------X

12 CV 3742 (SJ) (VVP)

<u>MEMORANDUM
AND ORDER</u>

A P P E A R A N C E S
LAW OFFICE OF ELLIOT H. FULD
930 Grand Concourse, Suite 1G
Bronx, NY 10451
By:    Elliot H. Fuld
*Attorney for Plaintiff*

MICHAEL A. CARDOZO
Corporation Counsel of the City
of New York
100 Church Street, Room 2-144
New York, NY 10007
By:    Elissa Jacobs
*Attorneys for Defendant*

JOHNSON, Senior District Judge:

The following allegations are taken either as alleged in the Amended Complaint filed by Plaintiff Juan S. Polo ("Plaintiff" or "Polo") or from his testimony at an examination by the City of New York (the "City") pursuant to New York's General Municipal Law 50-h, of which this Court will take judicial notice. On January 6, 2012, Polo arrived at John F. Kennedy airport in Queens, New York, on an aircraft operated by JetBlue Airways and originating from the city of Santiago in the Dominican Republic. He was stopped by "about five customs police agents." His luggage was searched and eight plastic bottles commercially-labeled "Frescor" were discovered. The agents opened each of the eight bottles from their original packaging and discovered white powder in each. Plaintiff maintains that the powder was as described – an antifungal powder – and that he purchased it in order to help him with foot perspiration brought about when he engages in the recreational sport of baseball. Plaintiff was held in custody at the airport until 2:00a.m. the following morning, when he was transported to Queens Central Booking and charged with Criminal Possession of a Controlled Substance in the first degree, pursuant to New York Penal Law § 220.21-1. Plaintiff claims that he was paradoxically told by agents of the United States Customs and Border Patrol both that the powder tested positive for the presence of codeine and that the test instead came back negative for the presence of narcotics. Plaintiff was held in state custody until the morning of January 12, 2012, by which point the charges had

been dropped by the District Attorney of Queens County. The United States government did not charge or prosecute him.

On August 21, 2012, Plaintiff filed the Amended Complaint, alleging violations of 42 U.S.C. § 1983 and presumably related but unspecified state law. The Amended Complaint names the following individuals and entities as defendants: the New York City Police Department ("NYPD"), Police Commissioner Raymond Kelly ("Commissioner Kelly" or "Kelly"), the City of New York (collectively, the "City Defendants"), the United States of America, "Customs Officer 'John' Elias, Shield No. 3006," The Port Authority of New York and New Jersey, "Port Authority Police Officer Nick Ciancarelli, Tax Reg. 044392" and "other police officers and law enforcement agents yet to be named." Presently before the Court is the City Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6).

## DISCUSSION

To survive a Rule 12(b)(6) motion to dismiss, the Complaint "does not need detailed factual allegations" but must "provide the grounds of . . . entitlement to relief" with "more than labels and conclusions." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (citations omitted). "[A] formulaic recitation of the elements of a cause of action will not do." Id. (citing Papasan v. Allain, 478 U.S. 265, 286 (1986)). The grounds for relief must be plausible. See 550 U.S. at 556.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal v. Ashcroft, 556 U.S. 662, 678 (2009) (quoting Twombly); see also Twombly, 550 U.S. at 555 ("Factual allegations must be enough to raise a right to relief above the speculative level.") (citation omitted). Bald assertions are insufficient to state a claim under this standard. See 556 U.S. at 678 ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," including those "couched as factual allegation[s]").

With this standard in mind, Plaintiff's allegations need not detain us long. It is true, as Plaintiff states, that a municipal entity may be held liable under 42 U.S.C. § 1983 for having a policy or custom which brings about constitutional violations of its citizens. Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694 (1978). However, in this case, Plaintiff's Monell claim is fatally flawed. Plaintiff states in conclusory form that "the actions and conduct herein . . . arose from a policy, practice or custom in which Defendants failed and refused to properly train and supervise law enforcement officers with regard to the detection of illegal substances" and that "[a]s a consequence of these policies, practices or customs of indifference and omission" Plaintiff was wrongfully arrested and maliciously prosecuted.

However, more is required to defeat a motion to dismiss a Monell claim. "[A] plaintiff is required to plead and prove three elements: (1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a constitutional

4

right." Wray v. City of New York, 490 F.3d 189, 195 (2d Cir. 2007) (internal quotation marks omitted). "[A] single incident alleged in a complaint, especially if it involved only actors below the policy-making level, does not suffice to show a municipal policy." See Ricciuti v. New York City Transit Auth., 941 F.3d 119, 123 (1991). On top of that, where the custom alleged is a failure to properly train, as it is here, municipal liability is triggered only where the failure to train amounts to deliberate indifference to another's rights. See Young v. County of Fulton, 160 F.3d 899, 903-904 (2d Cir. 1998) (citing City of Canton v. Harris, 489 U.S. 387, 388 (1989)). This is a high standard. See Walker v. City of New York, 974 F.2d 293, 297-298 (2d Cir. 1992) ("[T]he plaintiff must show that a policymaker knows 'to a moral certainty' that her employees will confront a given situation . . . Second, the plaintiff must show that the situation either presents the employee with a difficult choice of the sort that training will make less difficult or that there is a history of employees mishandling the situation. Finally, the plaintiff must show that the wrong choice by the city employee will frequently cause the deprivation of a citizen's constitutional rights."). Plaintiff has not met any of these standards.

Moreover, the Complaint contains no particular allegations as to Commissioner Kelly,[1] leaving only the unnamed officers themselves, and "a municipality cannot

---

[1] Even if Plaintiff made specific allegations as to Commissioner Kelly, the Amended Complaint names Kelly only in his official capacity, and a Monell claim against an individual in his official capacity must be dismissed as duplicative of the claim against the municipality itself. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 ("[A] suit

be held liable under § 1983 on a respondeat superior theory." Monell, 436 U.S. at 691. Finally, the custom or practice of which Plaintiff complains involves the field test for narcotics performed at the airport after he was detained not by any of the City Defendants but by United States Customs and Border Patrol. Nowhere does he allege that the City Defendants were involved in either a false-positive test or an improperly interpreted test. Therefore, his Monell claims are implausible and must be dismissed.

## CONCLUSION

For the foregoing reasons, the City Defendants' motion to dismiss is granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims against the City Defendants.

SO ORDERED.

Dated: September 17, 2013 _____/s_____
       Brooklyn, New York                 Sterling Johnson, Jr., U.S.D.J.

---

against a state official in his or her official capacity is not a suit against the official but rather a suit against the office."); Mercier v. Kelly, No. 10 CV 7951 (ALC) (JCF), 2013 WL 4452486, at *6 (S.D.N.Y. Aug. 19, 2013) (holding same). So, too, is a claim against the NYPD, as a police department is merely an arm of the City.